■ In the Matter of PASQUALE IZZO et al., Petitioners, v PATRICK R. VECCHIO et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Town Board of Smithtown, dated September 25, 1984, which, after a hearing, denied the petitioners' application for a license to operate a junkyard.

Adjudged that the petition is granted, without costs or disbursements, to the extent that the determination is annulled, on the law, and the matter is remitted to the Town Board for a further hearing and determination in accordance herewith.

The petitioners are the owners of a five-acre parcel of real property located in the Town of Smithtown in Suffolk County. The subject parcel is zoned for heavy industrial use, and is located in one of the most industrialized areas of the town. In November 1982 the petitioners applied to the Zoning Board of Appeals of the Town of Smithtown for a special exception permitting them to operate a licensed junkyard on their premises. Building Zone Ordinance of the Town of Smithtown § 54-8 provides that a licensed junkyard may be operated in a

heavy industrial use zone by special exception granted by the Zoning Board of Appeals. The petitioners' application was denied in February 1983. Thereafter, in March 1983 the petitioners instituted a proceeding pursuant to CPLR article 78 seeking review of the determination of the Zoning Board of Appeals. The Supreme Court, Suffolk County (Burke, J.), dismissed the proceeding on the ground that the petitioners were required to obtain a license to operate a junkyard from the respondent Town Board of the Town of Smithtown in the first instance and that, without the prerequisite license, the Zoning Board of Appeals of the Town of Smithtown lacked jurisdiction to grant the petitioners' application.

In February 1984 the petitioners applied to the respondent Town Board for a junkyard license. A public hearing was held on the petitioners' application, and several months later by resolution dated September 25, 1984, the respondent Town Board denied the petitioners' application. The Town Board's grounds for denying the application were, *inter alia,* that the petitioners failed to demonstrate that the proposed use would (1) not violate the town noise ordinance, (2) not pose a threat to groundwater quality, (3) adequately protect against dangers from debris and/or operation of machinery to persons coming on the premises, (4) protect against unsightliness of the junkyard, and (5) exclude potential avenues for the disposition of stolen vehicles.

Thereafter, the petitioners instituted the instant CPLR article 78 proceeding seeking to review that determination on the ground that it is arbitrary, capricious and not supported by substantial evidence in the record. In response to the instant petition, the respondents maintain that the respondent Town Board's denial of the petitioners' application constituted a valid exercise of its discretionary power to regulate the licensing and operation of junkyards pursuant to Town Law § 136 (1) and General Municipal Law § 136.

Although the respondent Town Board has the authority to regulate the licensing and operation of junkyards within its jurisdiction, we conclude, based on the record before us, that the petitioners were not given sufficient advance notice or opportunity to present evidence on the issues which formed the basis of the denial of their application. A review of the minutes of the public hearing held on the petitioners' application reveals that the petitioners' attorney made a thorough presentation on behalf of his clients' application and numerous documents and photographs were submitted in support thereof. No opposition to the application was voiced at the

hearing by either a Town Board member or a private citizen. At the close of the hearing, the Town Board reserved decision and several months later denied the petitioners' application for the reasons outlined above. Under these circumstances, we find that the petitioners should have been afforded a further opportunity to present evidence on each of the factors cited by the Town Board as reasons for the denial. Accordingly, the petition is granted to the extent that the determination under review is annulled and the matter is remitted to the respondent Town Board for a further hearing and new determination. Mollen, P. J., Thompson, Eiber and Spatt, JJ., concur.